**STATE of Missouri, Respondent,**

v.

**Elbert Lee PALMER, Appellant.**

**No. 56965.**

Supreme Court of Missouri, Division No. 1.

Dec. 11, 1972.

Motion for Rehearing or to Transfer to Court En Banc Denied Jan. 8, 1973.

John C. Danforth, Atty Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Keith W. Hazelwood, Clayton, for appellant.

SEILER, Judge.

Elbert Lee Palmer was convicted by a jury of first degree murder and his punishment assessed at life imprisonment. Sentence and judgment were rendered accordingly. We have jurisdiction because the appeal was pending here on January 1, 1972 and prior to the decision in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346.

Defendant asserts the trial court should have sustained his motion for judgment of acquittal because there was no probative evidence from which the jury could find the defendant committed the crime alleged. Viewed from the standpoint of evidence supporting the verdict, the jury could have found the following: The deceased, George D. Millich, an alcoholic,

died from multiple stab wounds in the chest and back. His body was found in a garage at the rear of 2825 Keokuk, in St. Louis. The evening before, defendant and a companion, Robert Foster, were seen coming from the direction of the garage with clothing which was identified as that of the victim. Defendant said he had just rolled a drunk. Defendant and Foster took a friend, Jimmy Parr, to see the man. The man was in the garage, in his shorts, holding his head and moaning. They went back to the Parr house and defendant asked for a knife. Later, Parr saw defendant and Foster coming toward his yard, again from the general direction of the garage. Defendant laid a bloody butcher knife on the window sill. There was blood on the person and clothing of defendant and his companion, Foster. They first washed and dried their clothes and then slept the rest of the night at the Parr house. The next morning, defendant told another witness that he and Foster had done it (by this time the police were at the garage investigating the crime), that he used a broken beer bottle and Foster used the butcher knife; that the first time they went to the garage they beat the deceased and took his money and that he and Foster went back an hour or so later and finished him off because they were afraid he recognized them. A print of the defendant's right index finger was found on one fragment of a broken beer bottle found in the garage.

Under the above evidence, the trial court did not err in overruling the motion for judgment of acquittal.

█ Defendant contends three state exhibits, photographs of the deceased, in his shorts, as he lay in the garage and the morgue, were inflammatory and were passed to the jurors at a time when they "had no evidence or testimony from which to assess the probative value of said photographs." We have examined the three photographs. Two of them show the deceased on his back on the garage floor and in the third someone has turned him over, showing his back. The photographs show the wounds, bear on how the deceased was killed, and in our judgment, do not approach being of the type where it becomes necessary to consider whether probative value is outweighed by inflammatory effect. They were first identified as being accurate portrayals of the body and its surroundings by a witness having first hand knowledge of the conditions and while the state's case was not yet complete when they were passed to the jury, the jury had before it evidence that this was the deceased, that defendant and companion had been seen the evening before with some of the victim's blood stained clothes shortly after another witness whose house was near the garage had heard a cry for help and a loud bumping noise. The contention is overruled.

█ Defendant's final contention is that the trial court erred in refusing his offer of proof that a former girl friend of defendant wrote him while he was awaiting trial that one Debbie Ashlock told her that someone else admitted committing the crime. This was offered not as an assertion to prove the matter asserted, but as indicating that other stories had circulated in defendant's group as to who did it and that defendant may have made the statements attributed to him merely as a braggart. Unless the offer was made to prove someone other than defendant committed the crime it had no relevance, and if it was offered for that purpose it was inadmissible hearsay.

Judgment affirmed.

All of the Judges concur.